### UNITED STATES of America, Plaintiff—Appellee,

v.

### Jimmy ALMENDAREZ, Defendant— Appellant.

No. 02–10133.
D.C. No. CR–01–00203–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Dec. 17, 2002.

Before BERZON, TALLMAN and CLIFTON, Circuit Judges.

### MEMORANDUM *

Jimmy Almendarez was arrested on May 22, 2001 in San Francisco's Mission

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

district for, *inter alia,* possession of a firearm in contravention of 18 U.S.C. § 922(g)(1). At trial, Mr. Almendarez's motion to suppress the firearm was denied. On appeal, we conclude that the police had reasonable suspicion to detain Mr. Almendarez. Further, the district court's finding that the pat-down search the police subsequently performed on him was constitutional is not clearly erroneous. Mr. Almendarez's motion to suppress was therefore properly denied. As the parties are familiar with the facts, we discuss only those necessary to our analysis.

■ 1. Appellant argues that there was no reasonable suspicion to stop him, relying upon *Florida v. J.L.,* 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). "Courts will uphold an investigatory stop based on a tip or other secondary information only when the information possesses *sufficient indicia of reliability that are independently corroborated by the police."* *United States v. Thomas,* 211 F.3d 1186, 1190 (9th Cir.2000) (citing *J.L.*) (emphasis added). Here, the close spatial and temporal relationship between Mr. Almendarez's detention, his participation in an argument broken up by the very same police officers who arrested him, and the threats he made during the argument are sufficient independent corroboration of the anonymous tip with respect both to identity and to reasonable suspicion of criminal conduct.

The tip in this case was quite detailed. It contained descriptions of clothing type and walking ability that matched the appellant's. The tip also accurately predicted Mr. Almendarez's location. Moreover, the dispatch included a specific description of what Mr. Almendarez had allegedly done with his weapon, a level of precision unlikely to be employed by hoaxers.

The officers corroborated the tip with independent "observations of their own," *cf.* *J.L.* 529 U.S. at 270, that began before the tip was communicated to them. The officers participated in quelling a dispute that involved Mr. Almendarez making threats. Immediately after dispersing the quarreling parties, the officers received a dispatch describing almost perfectly a man they had just seen. In this context, the anonymous tip served to crystallize already present concerns of the officers that criminal conduct may be afoot, and therefore possessed "sufficient indicia of reliability ... independently corroborated by the police." *Thomas,* 211 F.3d at 1190. We therefore conclude that there was reasonable suspicion for the police officers to stop Mr. Almendarez.

2. Mr. Almendarez argues in addition that the officer who searched him failed to follow the legally-mandated procedure for frisking a detainee.

If a *Terry* detention is justified by reasonable suspicion, the police, barring exceptional circumstances, may undertake a limited search of the outer clothing for weapons. *Terry v. Ohio,* 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The pat-down's purpose is to allow officers to conduct investigations without fear of violence, *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); a search going beyond a *Terry* pat-down can be over-intrusive and therefore violative of the Fourth Amendment. *See, e.g., United States v. Miles,* 247 F.3d 1009, 1015 (9th Cir.2001) (holding that officer exceeded the scope of a *Terry* pat-down when he chose to "shake or manipulate [a] tiny box on the pretext that he was still looking for a weapon").

■ Mr. Almendarez maintains that even if there was reasonable suspicion to stop him, the search for weapons was more

of this circuit except as provided by Ninth Circuit Rule 36–3.

intrusive than permitted in a *Terry* stop. Although Mr. Almendarez testified that he was not patted down and that the officer "just came from back, and went straight to my front pocket, and grabbed," his testimony was rejected by the district court. The court found, instead, that there was a pat-down search of Mr. Almendarez's outer clothing and that the officer found the gun pursuant to this search. There was evidence supporting this conclusion, namely the two officers' declarations to the effect that an "outer clothing pat" was done, and the searching officer's precise recollection of the procedure he used, which conformed to the description of a pat-down search. The district court's finding was therefore not clearly erroneous.

For the foregoing reasons, the district court's denial of the motion to suppress is AFFIRMED.